**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| VICKI DAVIS | : | Civil Action |
| 105 Bristol Drive | : | |
| Mars, PA  16046 | : | |
| | : | |
| Plaintiff, | : | Case No: _____ |
| | : | |
| v. | : | |
| | : | |
| DUQUESNE UNIVERSITY | : | JURY TRIAL DEMANDED |
| 600 Forbes Avenue | : | |
| Pittsburgh, PA  15282 | : | |
| | : | |
| Defendant. | : | |
| | : | |

## CIVIL ACTION COMPLAINT

Plaintiff, Vicki Davis (hereinafter "Plaintiff"), by and through her undersigned counsel, files this Civil Action Complaint, averring as follows:

### I.      Introduction

1.      Plaintiff initiates this action to seek redress against Defendant, Duquesne University (hereinafter "Defendant"), her employer, for violations of the Americans with Disabilities Act of 1990 and for unlawful gender discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended.

### II.      Parties

2.      Plaintiff is Vicki Davis, an adult individual currently residing at the above address.

3.      Defendant is Duquesne University, a non-profit corporation and coeducational university, created and existing pursuant to the laws of the Commonwealth of Pennsylvania, with a principal place of business at the above address.

4.      At all times relevant hereto, Defendant acted by and through its agents, servants, and employees, each of whom, at all times relevant, acted within the scope of his or her job duties.

5.      Defendant is an "employer" within the meaning of the Americans with Disabilities Act because it is engaged in an industry affecting interstate commerce and because it maintains or maintained fifteen (15) or more employees for each working day in each of twenty (20) or more weeks in the current or preceding calendar year.

6.      Defendant is an "employer" within the meaning of Title VII of the Civil Rights Act because it is engaged in an industry affecting interstate commerce and because it maintained or maintains fifteen (15) or more employees for each working day in each of twenty (20) or more weeks in the current or preceding calendar year.

### III.    <u>Jurisdiction and Venue</u>

7.      All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

8.      The Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

9.      The United States District Court for the Western District of Pennsylvania may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for of federal law.

10.     Venue is properly laid in the Western District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b) (1) and 1391(b) (2) because Defendant is located in and conducts business in this

judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district (Plaintiff was employed in the Western District of Pennsylvania at the time of the illegal actions set forth herein).

### IV.    Procedural and Administrative Requirements

11.    The allegations of the foregoing paragraphs of this Complaint are hereby incorporated by reference herein as if the same were set forth at length.

12.    Plaintiff has exhausted the procedural and administrative requirements for proceeding under the Americans with Disabilities Act and Title VII as follows:

   a.   On or about June 11, 2009, Plaintiff filed a timely written charge of discrimination (Charge No. 533-2009-01190) against Defendant with the Pittsburgh office of the Equal Employment Opportunity Commission alleging disability discrimination and retaliation;

   b.   The Equal Employment Opportunity Commission issued a Notice of Right to Sue on the foregoing charge on or about April 2, 2010;

   c.   The instant action is timely because it has been initiated within ninety (90) days of receipt of the aforementioned notice;

   d.   Plaintiff also timely cross-filed the aforementioned charge of discrimination with the Pennsylvania Human Relations Commission.

13.    Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

### V.    Factual Background

14.    All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

15.     Plaintiff has been employed by Defendant as an Assistant Professor of Pharmacology since 2003.

16.     Plaintiff suffers from asthma and related severe respiratory problems.

17.     Plaintiff's asthma affects her ability to breathe and carry out normal daily activities.

18.     The building in which Plaintiff was assigned to work (Mellon Hall) has a history of problems regarding airborne particulate matter.

19.     The conditions in Mellon Hall caused Plaintiff's asthma and related respiratory problems to worsen to the point where she was unable to breathe and, as a consequence, suffered severe coughing spells and shortness of breath.

20.     Plaintiff discussed this issue with employees and agents of Defendant on numerous occasions.

21.     As a result of Plaintiff's inability to work in the building for long periods of time, Plaintiff was forced to work from home.

22.     In late 2007, Plaintiff began requesting a reasonable accommodation from Defendant to delay her tenure review and to permit her to work a reduced schedule so she could complete her necessary tasks without further harming her health.

23.     Defendant denied Plaintiff's request for an accommodation and refused to engage in the interactive process, generally afforded to faculty members to remedy their grievances.

24.     Plaintiff reiterated her request for a delay in her tenure review.

25.     On March 25, 2009, Plaintiff was informed that her request for delay of her tenure review was again denied.

26.     Plaintiff provided Defendant with an updated medical note.

27.     Plaintiff has not been afforded the opportunities that similarly-situated male faculty members have been afforded by Defendant, and Defendant has allowed male faculty members with a need for medical accommodations to adjust their work loads while denying Plaintiff the same accommodation.

28.     Plaintiff filed a claim of gender discrimination with Defendant's affirmative action office.

29.     As a consequence, Plaintiff received a "terminal contract" for the academic year 2010 to 2011 and her employment will not be continued thereafter.

30.     Following the filing of a grievance by Plaintiff on the foregoing issues, Defendant's University Grievance Committee investigated and determined that Defendant has disadvantaged Plaintiff in her request for a tenure delay and has also failed to provide her with a supportive environment.

31.     Defendant's President, Charles J. Dougherty, has improperly rejected the recommendations of Defendant's University Grievance Committee as to the proper means of addressing Plaintiff's issues as aforesaid and has refused to take action to address her concerns.

**Count I**
**Americans with Disabilities Act of 1990**

32.     All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth as length.

33.     Plaintiff suffered from a "disability" as that term is defined in the ADA because she has, or had at all times relevant hereto, a physical impairment that substantially limited/limits one or more major life activities, or because she had a record of such impairment.

34.     Plaintiff also suffered from a "disability" as that term is defined in the ADA because she was regarded as and/or perceived by Defendant and its agents as having a physical impairment that substantially limited/limits one or more major life activities.

35.     Plaintiff was a "qualified individual with a disability" as that term is defined in the ADA because she was able to perform all of the essential functions of the job as a Sales Associate with or without a reasonable accommodation.

36.     In discriminating against Plaintiff on the basis of her disability, Defendant violated the Americans with Disabilities Act.

37.     In refusing to engage in an interactive process to find a reasonable accommodation for Plaintiff's disability, Defendant violated the Americans with Disabilities Act.

38.     As a result of Defendant's violations of the ADA, Plaintiff has suffered damages as set forth herein.

       *WHEREFORE*, Plaintiff seeks the damages set forth in the *ad damnum* clause of this Complaint, *infra.*

## Count II
## Americans with Disabilities Act – Retaliation

39.     All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth as length.

40.     In complaining about disability discrimination, Plaintiff engaged in conduct that is protected under the ADA.

41.     As a result of Defendant's violations of the ADA, Plaintiff has suffered damages as set forth herein.

       *WHEREFORE*, Plaintiff seeks the damages set forth in the *ad damnum* clause of this Complaint, *infra.*

## Count III
## Title VII – Gender Discrimination

42      All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

43.     The foregoing conduct by the Defendant constitutes unlawful discrimination against the Plaintiff on the basis of her gender.

44.     As a result of the Defendant's unlawful discrimination, the Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, the Plaintiff seeks the damages set forth in the *Ad Damnum* Clause of this Complaint, *infra*.

## Count IV
## Pennsylvania Human Relations Act

45.     All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

46.     The foregoing actions of Defendant constitute unlawful discrimination in violation of the Pennsylvania Human Relations Act, 43 Pa.C.S.A. § 951, *et seq*

47.     As a result of Defendant's unlawful conduct, Plaintiff has suffered damages as set forth herein.

WHEREFORE, Plaintiff seeks the damages set forth in the *Ad Damnum* clause of this Complaint, *infra*.

### *AD DAMNUM* CLAUSE/PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in her favor and against Defendant and that it enter an Order as follows:

a.      Defendant is to be permanently enjoined from discriminating against Plaintiff on any basis prohibited under applicable federal and/or state law;

b.      Defendant is to be permanently enjoined from retaliating against Plaintiff for exercising her right under federal and/or state law;

c.      Defendant is to be permanently enjoined from discriminating against or harassing Plaintiff, or any other employee, on the basis of her disability (or perceived disability) and gender or any other basis prohibited under federal or state law;

d.      Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of retaliating against employees who complain about disability and gender discrimination and is to be ordered to promulgate an effective policy against such retaliation and to adhere thereto;

e.      Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority.  Plaintiff should be accorded those benefits illegally withheld from the date she first suffered  discrimination and/or harassment at the hands of Defendant until the date of verdict;

f.  Plaintiff is to be awarded actual damages caused to her by Defendant's actions;

g.  Plaintiff is to be awarded liquidated and./or punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct, and to deter Defendant or any other employees from engaging in such misconduct in the future;

h.  Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

i.  Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

j.  Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

k.  Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an effort to ensure Defendant does not engage – or ceases engaging - in illegal retaliation against Plaintiff or other witnesses to this action;

l.  That the Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein;

m.  Plaintiff's claims against Defendants are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand

on the caption of this Complaint in accordance with Federal Rule of Civil

Procedure 38(b).


Respectfully submitted,

TIMOTHY M. KOLMAN AND ASSOCIATES


By:   /s/ Timothy M. Kolman, Esquire
      Timothy M. Kolman, Esquire
      Attorney for Plaintiff
      414 Hulmeville Avenue
      Penndel, PA  19047
      (215) 750-3134

June 30, 2010